**UNITED STATES of America, Plaintiff,**

v.

**Jose Luiz RUIZ, Defendant.**

**No. 88–6033–CR.**

United States District Court,
S.D. Florida.

March 20, 1991.

Roberta Flowers, Asst. U.S. Atty., Miami, Fla., for plaintiff.

Julio Jiminez, Miami, Fla., for defendant.

## ORDER GRANTING DEFENDANT RUIZ'S MOTION TO SUPPRESS

MORENO, District Judge.

On March 14, 1991 an Evidentiary Hearing was held before this Court on defendant Jose Luiz Ruiz's Motion to Suppress evidence seized from a bedroom in his residence. At the evidentiary hearing the government presented only two witnesses: Special Agents Michael Kane and Maria Price. The defendant presented two defense witnesses: his brothers, Mario and Juan Ruiz.

From the testimony of those witnesses it is clear that on November 16, 1987 defendant Jose Luiz Ruiz was arrested in the Bahamas for offenses involving large amounts of cocaine allegedly to be transported to the United States. As part of that investigation, on that date surveillance was set up at the defendant's home located at 7875 Grand Canal Drive in Miami, Florida. Such surveillance ceased around midnight of that day, but commenced again on the following day on November 17, 1987. On that date, five Drug Enforcement Agents contacted the occupants of that residence at the defendant's home. The occu-

pants were identified as Mario Ruiz, the defendant's brother and other relatives living at the house.

Agent Kane testified that D.E.A. Agent Prieto, as the only agent fully conversant in Spanish, spoke with Mario Ruiz. Agent Prieto, who did not testify, notified Mario Ruiz that his brother, the defendant, had been arrested. Agent Prieto asked to speak to the owner of the house and was informed that the residence was jointly owned by the three Ruiz brothers and their mother. Agent Kane further testified that Agent Prieto obtained verbal consent from Mario Ruiz to look into the house and search the entire home. However, witness Mario Ruiz refused to sign a written consent form. Nevertheless, a search was conducted of the entire residence without a search warrant.

Agent Maria Ciociola Price, who does not understand Spanish, seized documents, marked as government's exhibit 50, from a nightstand inside a bedroom of the residence. These documents are the subject of the defendant's Motion to Suppress.

■ It is undisputed that the search was conducted without a search warrant. In the absence of a search warrant, the Government has the burden of proving that the search falls within one of the legally recognized exceptions to the warrant requirement of the Fourth Amendment of the United States Constitution. *Jones v. United States*, 357 U.S. 493, 78 S.Ct. 1253, 2 L.Ed.2d 1514 (1958). The Government relies on the consent exception to the warrant requirement. *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). In this case the Government alleges that occupant and co-owner Mario Ruiz gave consent to search the home, which yielded the evidence against defendant Ruiz, who was not present at the home during the search.

■ The law is clear that the party giving consent must be someone who possessed common authority over the premises or had other sufficient relationship to it. *United States v. Matlock*, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974). A reason-

able belief in the apparent authority of the one who consents would also validate the search. *Illinois v. Rodriguez,* — U.S. —, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990). In any event, this Court finds that witness Mario Ruiz is a co-owner of the property and resident of the home and is thus a proper party to give valid consent. The only disputed issue to be resolved by the Court is whether Mario Ruiz gave consent freely and voluntarily.

 The Government conceded that all conversations regarding the alleged consent were in Spanish. The Government's position is that the consent was given by witness Mario Ruiz to Special Agent Prieto. Nevertheless, the Government, for apparent strategic reasons, refused to call Special Agent Prieto as a witness. Rather, the Government called Agent Kane.

Agent Kane was one of the five D.E.A. Agents present at the home during the search. Agent Kane testified that he has reached level four out of the five levels of Spanish as classified by the Defense Language Institute. No evidence was presented as to what this numerical assignment means in terms of language proficiency. The Court notes Agent Kane's residence in Latin American countries. Yet, Agent Kane himself does not consider that he is fluent in Spanish, a fact verified by the cross examination. In addition, Agent Kane testified that he could not recollect the exact words used at the time of the search. However, Agent Kane remembers that witness Mario Ruiz refused to sign the consent form and gave consent to Agent Prieto.

Agent Price's lack of knowledge of Spanish limited the value of her testimony to show that none of the occupants of the home physically indicated opposition to the home search. However, she obviously could not testify as to the contents of any of the conversations between Agent Prieto and Ruiz.

On the other hand, both witnesses for the defense, Mario Ruiz and Juan Ruiz testified that they did not authorize a search of the home. Without the testimony of the only Spanish speaking Agent, Special Agent Prieto, this Court has no choice but to find that the Government has not met its burden to show by the preponderance of the evidence that the consent allegedly given by Mario Ruiz was a valid one.

WHEREFORE, this Court grants Defendant Ruiz's motion to suppress the documents seized from the nightstand of the bedroom in the home searched without a warrant.

DONE and ORDERED.